UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------- X

UNITED STATES OF AMERICA

    - v. -

JACOBB PADIN,
    a/k/a "Chino,"

           Defendant.

-------------------------------- X

:
:
:   CONSENT PRELIMINARY ORDER
:   OF FORFEITURE/
:   MONEY JUDGMENT
:
:   S3 20 Cr. 135 (JMF)
:
:

WHEREAS, on or about March 16, 2021, JACOBB PADIN, a/k/a "Chino," (the

"Defendant"), was charged, among others, in three counts of a fourteen-count Superseding

Indictment, S3 20 Cr. 135 (JMF) (the "Indictment"), with racketeering conspiracy, in violation of

Title 18, United States Code, Section 1962(d) (Count One); narcotics conspiracy, in violation of

Title 21, United States Code, Section 846 (Count Ten); and possession of firearms during a drug

trafficking crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2

(Count Eleven);

WHEREAS, the Indictment included, *inter alia*, a forfeiture allegation as to Count

Ten of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States

Code, Section 853 of any and all property constituting, or derived from, any proceeds obtained,

directly or indirectly, as a result of the offense charged in Count Ten of the Indictment and any

and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the

commission of, the offense charged in Count Ten of the Indictment, including but not limited to a

sum of money in United States currency representing the amount of proceeds traceable to the

commission of the offense charged in Count Ten of the Indictment;

WHEREAS, on or about March 16, 2021, the Defendant pled guilty to Count Ten of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Ten of the Indictment and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any and all property constituting or derived from the proceeds the Defendant obtained directly or indirectly as a result of the offense charged in the Count Ten of the Indictment and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense charged in the Count Ten of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,540 in United States currency representing the amount of proceeds traceable to the offense charged in Count Ten of the Indictment that the Defendant personally obtained, for which the Defendant will be jointly and severally liable with co-defendants ALEXANDER ARGUEDAS, a/k/a "Reckless," MICHAEL DELAGUILA, a/k/a "Grizz,", STEVEN JUSTO, a/k/a "Riko," JERRY ROJAS, a/k/a "Feddi," DAVONTE BROWN, a/k/a "Tae," EDGARDO BARANCO, a/k/a "Slime," ABBAS OZKURT, a/k/a "AB," DENISE BULLOCK, a/k/a/ "Mocha," SIMONE CORDERO, a/k/a/ "Mixy," MATTHEW NIEVES, a/k/a "WB," and ANDRE CURRY, a/k/a/ "Flex", to the extent a money judgment is entered against any of these co-defendants in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Ten of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistant United States

Attorneys, Danielle R. Sassoon, Andrew K. Chan, Brandon Harper, and Jaclyn Wood (SAUSA), of counsel, and the Defendant, and his counsel, Lorraine Gauli-Rufo, Esq., that:

1.      As a result of the offense charged in Count Ten of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $1,540 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Ten of the Indictment that the Defendant personally obtained, shall be entered against the Defendant, for which the Defendant will be jointly and severally liable with co-defendants ALEXANDER ARGUEDAS, a/k/a "Reckless," MICHAEL DELAGUILA, a/k/a "Grizz,", STEVEN JUSTO, a/k/a "Riko," JERRY ROJAS, a/k/a "Feddi," DAVONTE BROWN, a/k/a "Tae," EDGARDO BARANCO, a/k/a "Slime," ABBAS OZKURT, a/k/a "AB," DENISE BULLOCK, a/k/a/ "Mocha," SIMONE CORDERO, a/k/a/ "Mixy," MATTHEW NIEVES, a/k/a "WB," and ANDRE CURRY, a/k/a/ "Flex", to the extent a money judgment is entered against any of these co-defendants in this case.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, JACOBB PADIN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4.     The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[THIS SPACE LEFT INTENTIONALLY BLANK]

8.    The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By:  _____          6/29/2021
     Danielle R. Sassoon/ Andrew K. Chan          DATE
     Brandon Harper/ Jaclyn Wood (SAUSA)
     Assistant United States Attorneys
     One St. Andrew's Plaza
     New York, NY 10007
     (212) 637-1115/ 1072/ 2209


JACOBB PADIN

By:  _____          6/29/21
     Jacobb Padin                                DATE

By:  _____          6/29/21
     Lorraine Gauli-Rufo, Esq.                   DATE
     Attorney for Defendant
     48 Wall Street, 5th Floor
     New York, NY 10043


SO ORDERED:

_____                6/29/21
HONORABLE JESSE M. FURMAN                       DATE
UNITED STATES DISTRICT JUDGE